Tracy L. Riley, Esquire
Law Offices of Riley and Riley
The Washington House
100 High Street, Suite 302
Mount Holly, New Jersey 08060
(609) 914-0300
Attorney for Defendant
Atlantic City Board of Education

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MICHELLE MOODY, | : |
| | : Civil Action No.: 14-cv-4912 |
| Plaintiff | : |
| | : |
| v. | : |
| | : |
| ATLANTIC CITY BOARD OF EDUCATION, | : |
| | : |
| Defendant. | : |

**DEFENDANT, ATLANTIC CITY BOARD OF EDUCATION**
**PRE-TRIAL BRIEF**

I.   **Statement of the Case**

Plaintiff, Michele Moody, filed a complaint against the Atlantic City Board of Education raising claims of a hostile work environment theory of sexual harassment and retaliation in violation of Title VII and New Jersey Law Against Discrimination.

Plaintiff claims to have been sexually harassed at her place of employment from October 2012 until January 2013 by Maurice Marshall. Defendant, Atlantic City Board of Education "employed" plaintiff as a substitute custodian. The substitute custodian position was a per diem position wherein Plaintiff was an "on call" basis and could be called into one of the eleven schools of the Atlantic City School District if the need arose for a substitute custodian.

Plaintiff reported the alleged sexual harassment for the first time on February 4, 2013. After the allegations of sexual harassment were made, the Atlantic City Board of Education immediately conducted an investigation and retained legal counsel to conduct an independent investigation. The Atlantic City Board of Education

maintains that at no time did they retaliate against the Plaintiff for reporting the alleged sexual harassment.

## II. Legal Issues

1. Was the Plaintiff subjected to sexual harassment by Maurice Marshall based upon her female gender between October 2012 and January 2013?
2. Was the Plaintiff subjected to unlawful retaliation by the Atlantic City Board of Education after making a complaint of alleged sexual harassment?
3. Did the Plaintiff fail to take advantage of any preventive or corrective opportunities provided by the Atlantic City Board of Education?
4. Has the Plaintiff established that she is entitled to punitive damages?

## III. Statement of Damages

1. Plaintiff alleges that she sustained emotional distress due to being subjected to a hostile work environment by Maurice Marshall.
2. Plaintiff alleges that she lost wages as a result of being retaliated against by the Atlantic City Board of Education after reporting the alleged sexual harassment.
3. If successful, Plaintiff claims that she is entitled to punitive damages under the NJ LAD claim.

## IV. List of Witnesses

Please see Exhibit A.

## V. List of Exhibits

Please see Exhibit B.

## VI. Status of Settlement Negotiations

The parties have not resolved the case.

## VII. Special Circumstance in the Case

None.

## VIII. Length of Trial

The Defendant anticipates the trial lasting twelve days.

LAW OFFICES OF RILEY & RILEY

*/s/ Tracy L. Riley*

Tracy L. Riley, Esquire
Attorney for Defendant