Tracy L. Riley, Esquire
Law Offices of Riley and Riley
The Washington House
100 High Street, Suite 302
Mount Holly, New Jersey 08060
(609) 914-0300
Attorney for Defendant
Atlantic City Board of Education

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MICHELLE MOODY, | : |
| Plaintiff | : Civil Action No.: 14-cv-4912 |
| v. | : |
| ATLANTIC CITY BOARD OF EDUCATION, | : |
| Defendant. | : |

DEFENDANT, ATLANTIC CITY BOARD OF EDUCATION
PROPOSED JURY INSTRUCTIONS

I. PRELIMINARY INSTRUCTIONS FOR USE AT END OF TRIAL

1.1 – 1.11

3.1 – 3.2

II. 5.0 TITLE VII INTRODUCTORY INSTRUCTION

In this case the Plaintiff, Michelle Moody makes a claim under a Federal Civil Rights statute that prohibits employers from discriminating against an employee in the terms and conditions of employment because of the employee's race, color, religion, sex, or national origin.

More specifically, Michelle Moody claims that she was subjected to a hostile work environment by the Atlantic City Board of Education because Michelle Moody is a female.

The Atlantic City Board of Education denies that Michelle Moody was discriminated against in any way. Further, the Atlantic City Board of Education asserts that Michelle Moody failed to take advantage of any preventive or corrective opportunities provided by the Atlantic City Board of Education.

III. **5.1.4 ELEMENTS OF A TITLE VII ACTION – HARASSMENT – HOSTILE WORK ENVIRONMENT – TANGIBLE EMPLOYMENT ACTION**

Plaintiff, Michelle Moody claims that she was subjected to harassment by Maurice Marshall and that this harassment was motivated by her female gender.

Defendant, Atlantic City Board of Education is liable for the actions of Maurice Marshall in her claim of harassment if she proves all of the following elements by a preponderance of the evidence:

First: Michelle Moody was subjected to sexual harassment by Maurice Marshall.

Second: Maurice Marshall's conduct was not welcomed by Michelle Moody.

Third: Maurice Marshall's conduct was motivated by the fact that Michelle Moody is a female.

Fourth: The conduct was so severe or pervasive that a reasonable person in her position would find Michelle Moody's work environment to be hostile or abusive. This element requires you to look at evidence from

      the point of view of a reasonable females reaction to Michelle Moody's work environment.

Fifth:  Michelle Moody believed her work environment to be hostile or abusive as a result of Maurice Marshall's conduct.

Sixth:  Michelle Moody suffered an adverse "tangible employment action" as a result of the hostile work environment; a tangible employment action is defined as a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits.

  If any of the above elements has not been proved by a preponderance of the evidence, your verdict must be for the Atlantic City Board of Education and you need not proceed further in considering this claim. If you find that the elements have been proved, then you must consider Atlantic City Board of Education's affirmative defense.

  I will instruct you now on the elements of that affirmative defense.

  You must find for the Atlantic City Board of Education if you find that the Atlantic City Board of Education has proved both of the following elements by a preponderance of the evidence:

First:  The Atlantic City Board of Education exercised reasonable care to prevent harassment in the workplace on the basis of gender, and also exercised reasonable care to promptly correct any harassing behavior that does occur.

Second: Michelle Moody unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Atlantic City Board of Education.

Proof of the four following facts will be enough to establish the first element that just referred to, concerning prevention and correction of harassment:

1. The Atlantic City Board of Education had established an explicit policy against harassment in the workplace on the basis of gender.
2. That policy was fully communicated to its employees.
3. That policy provided a reasonable way for Michelle Moody to make a claim of harassment to higher management.
4. Reasonable steps were taken to correct the problem, if raised by Michelle Moody.

On the other hand, proof that Michelle Moody did not follow a reasonable complaint procedure provided by the Atlantic City Board of Education will ordinarily be enough to establish Michelle Moody unreasonably failed to take advantage of a corrective opportunity.

IV. **TITLE VII DEFINITIONS – HOSTILE OR ABUSIVE WORK ENVIRONMENT MODEL**

In determining whether a work environment is "hostile" you must look at all of the circumstances, which may include:

- The total physical environment of Michelle Moody's work area.
- The degree and type of language and insult that filled the environment before and after Michelle Moody arrived.

- The reasonable expectations of Michelle Moody upon entering the environment.
- The frequency of the offensive conduct.
- The severity of the conduct.
- The effect of the working environment on Michelle Moody's mental and emotional well-being.
- Whether the conduct was unwelcome, that is, conduct Michelle Moody regarded as unwanted or unpleasant.
- Whether the conduct was pervasive.
- Whether the conduct was directed toward Michelle Moody.
- Whether the conduct was physically threatening or humiliating.
- Whether the conduct was merely a tasteless remark.
- Whether the conduct unreasonably interfered with Michelle Moody's work performance.

Conduct that amounts only to ordinary socializing in the workplace, such as occasional horseplay, occasional use of abusive language, tasteless jokes, and occasional teasing, does not constitute an abusive or hostile work environment. A hostile work environment can be found only if there is extreme conduct amounting to a material change in the terms and conditions of employment. Moreover, isolated incidents, unless extremely serious, will not amount to a hostile work environment.

It is not enough that the work environment was generally harsh, unfriendly, unpleasant, crude or vulgar to all employees. In order to find a hostile work environment, you must find that Michelle Moody was harassed because of her female gender. The harassing conduct may, but not be sexual in nature. Rather, its defining characteristic is that the harassment complained of is linked to the victim's female gender. The key question is whether Michelle Moody, as a female, was subjected to harsh employment conditions to which those outside the protected class were not.

It is important to understand that, in determining whether a hostile work environment existed for Michelle Moody with respect to her job with the Atlantic City Board of Education you must consider the evidence from the prospective of a reasonable woman in the same position. That is, you must determine whether a reasonable woman would have been offended or harmed by the conduct in question. You must evaluate the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological or emotional well-being of a reasonable woman. The reasonable woman is simply one of normal sensitivity and emotional make-up.

## V. 5.1.7 ELEMENTS OF A TITLE VII CLAIM – RETALIATION

Michelle Moody claims that the Atlantic City Board of Education discriminated against her after she complained of sexual harassment.

To prevail on this claim, Michelle Moody must prove all of the following by a preponderance of the evidence.

First: Michelle Moody made a complaint of sexual harassment based upon her female gender.

Second: Michelle Moody was subjected to a materially adverse action, at the time, or after, the protected conduct took place.

Third: There was a causal connection between her hours of work and her complaint of sexual harassment.

Concerning the first element, Michelle Moody need not prove the merits of her complaint of sexual harassment, but only that she was acting under a reasonable, good faith belief she had a right to be free from discrimination on the basis of her female gender was violated.

Concerning the second element, the term "materially adverse" means that Michelle Moody must show that her work hours and pay was serious enough that it might have discouraged a reasonable worker from filing a sexual harassment complaint.

Concerning the third element, that of causal connection, that connection may be shown in many ways. For example, you may or may not find that there is sufficient connection through timing, that is the Atlantic City Board of Education's action, followed shortly after the Atlantic City Board of Education became aware of Michelle Moody's sexual harassment complaint. Causation is, however, not necessarily ruled out by a more extended passage of time. Causation may or may not be proven by antagonism shown toward Michelle Moody or a change in demeanor toward Michelle Moody.

Ultimately, you must decide whether Michelle Moody's sexual harassment complaint had a determinative effect on her work hours and pay. "Determinative effect" means that if not for Michelle Moody's sexual harassment complaint, her work hours and pay would not have occurred.

## VI.    5.4.1 TITLE VII DAMAGES – COMPENSATORY DAMAGES

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the Atlantic City Board of Education should be held liable.

If you find by a preponderance of the evidence that the Atlantic City Board of Education intentionally discriminated against Michelle Moody because she complaint about sexual harassment, then you must consider the issue of compensatory damages. You must award Michelle Moody an amount that will fairly compensate her for any injury she actually sustained as a result of the Atlantic City Board of Education's conduct.

The damages that you award must be fair compensation, no more and no less. The aware of compensatory damages is meant to put Michelle Moody in the position she would have occupied if the discrimination had not occurred.

Michelle Moody has the burden of proving damages by a preponderance of the evidence.

Michelle Moody must show that the injury would not have occurred without Atlantic City Board of Education's act or omission. Michelle Moody must also show that Atlantic City Board of Education's act or omission played a substantial part in bringing out the injury, and that the injury with either a direct result of or a reasonably probable consequence of the Atlantic City Board of Education's act or omission. This test – a substantial part in bringing about the injury – is to be distinguished from the test you must employ in determining whether Atlantic City Board of Education's actions or omissions were motivated by discrimination. In other words, even assuming that the Atlantic City Board of Education actions or omissions were motivated by discrimination, Michelle Moody is not entitled to damages for an injury unless Atlantic City Board of Education's discriminatory actions or omissions actually played a substantial part in bringing about that injury.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation or guesswork.

### VII. TITLE VII DAMAGES – BACK PAY

If you find that the Atlantic City Board of Education intentionally discriminated against Michelle Moody by unlawfully affected her work hours after her complaint of sexual harassment, then you must determine the amount of damages that Atlantic City Board

of Education's actions or inactions have caused Ms. Moody. Ms. Moody has the burden of proving damages by a preponderance of the evidence.

You may award as actual damages an amount that reasonably compensates Michelle Moody for any lost wages and benefits, taking into consideration any increases in wages, that she would have received from Atlantic City Board of Education had she not been the subject of Atlantic City Board of Education's discrimination.

Back pay damages, if any, apply from the time Michelle Moody complained of sexual harassment until the date of your verdict.

You must reduce any award by the amount of the expenses that Michelle Moody would have incurred in making those earnings.

If you award back pay, you are instructed to deduct from the back pay figure whatever wages Michelle Moody has obtained from other employment during this period. However, please note that you should not deduct social security benefits, unemployment compensation or pension benefits from an award of back pay.

Defendant reserves the right to add additional charges up until to time of closing statements are made at trial in this matter.

**LAW OFFICES OF RILEY & RILEY**

*/s/ Tracy L. Riley*

Tracy L. Riley, Esquire