## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHELE MOODY, | : | Hon. Joseph H. Rodriguez: |
| Plaintiff, | : | Civil Action No. 14-4912 |
| v. | : | |
| ATLANTIC CITY BOARD OF EDUC., | : | |
| Defendant. | : | |

## **JURY INSTRUCTIONS**

## INTRODUCTION

Members of the Jury:

You have now heard all the evidence in the case as well as the final arguments of the lawyers for the parties.

It becomes my duty, therefore, to instruct you on the rules of law you must follow and apply in arriving at your decision in this case.

Before doing so, the Court wishes to express its sincere appreciation for the services that you have rendered as jurors in discharging one of your most important duties as citizens.

Each of you has made a considerable sacrifice. You have been most attentive, cooperative, and patient to counsel and to the Court. For all of this we are grateful.

## CONSIDERATION OF INSTRUCTIONS AS A WHOLE

You are to consider these instructions as a whole. Each part or phrase of the instructions is to be considered and applied together with all other parts and phrases of the instructions. In other words, you must not pick out some particular instruction or some particular portion of an instruction and overemphasize it and apply it without considering and keeping in mind all of the other instructions given to you as the whole law of the case. Your duty in the case is to determine the facts from the evidence. Therefore, you are to consider and determine the facts in accordance with these instructions.

## FUNCTION OF JUDGE AND JURY

In any jury trial there are, in effect, two judges. I am one of the

judges; the other is you, the jury. It is my duty to preside over the trial and

to determine what testimony and evidence is relevant under the law for

your consideration. It is also my duty at the end of the trial to instruct you

on the law applicable to the case.

You, the jurors, are judges of the facts. But in reaching your verdict in

this case -- that is, in reaching your decision as to the facts -- you are

required to accept and apply the law I am now in the process of defining for

you. You are not to be concerned with the wisdom of any rule of law stated

by me. It would be a violation of your sworn duty to base your verdict on

any view of the law other than that given to you in these instructions.

If any attorney has stated a legal principle different from any I state to

you in my instructions, it is my instructions as to that legal principle you

must follow.

This case should be considered and decided by you as an action

between persons of equal standing in the community and holding the same

or similar stations in life.

It is also your duty to base your verdict solely on the evidence in this

case, without prejudice, bias, or sympathy. That was the promise you made

3

and the oath you took before being accepted by the parties as jurors in this

case, and they have the right to expect nothing less.

## CONSIDERATION OF THE EVIDENCE

### A. The Evidence in the Case

As I said, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the following:

Stipulations or agreements reached between counsel for the parties. A stipulation is an agreement by the parties that certain facts are true. With respect to any such stipulations or agreements, you must accept and regard any agreed-upon facts as conclusively proven.

You will also be considering other evidence that you may or may not accept as conclusive, as I will discuss later. That evidence includes the following:

First, the sworn testimony of the witnesses, regardless of which party called them.

Second, all exhibits admitted into evidence, regardless of which party may have authored or produced the exhibits or used them at trial.

Third, deposition testimony of witnesses, consisting of answers under oath to questions asked of certain witnesses before the trial. The testimony of a witness may be presented in this way. Such testimony is entitled to the same consideration, and is to be judged as to believability, weighed and

5

otherwise considered by you, insofar as possible, as if the witness had been present and testified from the witness stand.

Any evidence as to which an objection was sustained by the court must be entirely disregarded unless the evidence was received for a limited purpose, in which event you must continue to observe the instructions I gave you at the time that evidence was admitted. Any evidence ordered stricken by the Court or not admitted for any limited purpose must be entirely disregarded.

I will now talk some more about certain things that are evidence and certain things that are not evidence. Later, I will discuss how you should evaluate that which is evidence.

B. Statements by the Lawyers

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case, because they are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ in any way from the way the lawyers have stated them, your memory of the facts controls.

Note also that questions asked by the lawyers are not evidence; only the witnesses' answers to those questions are evidence. At times, the

6

lawyers incorporated into their questions a statement which assumed a certain fact to be true and asked the witness if the statement was true. If the witness denied the truth of the statement or did not know or could not remember whether or not it was true, then you may not consider it to be true simply because it was contained in a lawyer's question. The witnesses, in their answers, not the lawyers in their questions, provide the evidence you should consider.

Similarly, representations by lawyers as to what a witness testified to or what a document shows is not evidence. Only the witness's actual testimony or the document itself, if it is admitted, is evidence.

In the final analysis, it is your own recollection and interpretation of the evidence that is most important. What the lawyers say they think the evidence shows is not binding on you.

Remember also that lawyers have a duty to their clients to object to things they contend are improper under the rules of evidence. You should not be influenced by the objections or by my rulings on them.

## C.  Statements by the Judge

During the course of the trial, I occasionally made comments to the lawyers. Do not assume from anything I may have said that I have any opinion concerning the issues in this case or how this case should be

7

decided by you. Except for my instructions to you on the law, and my rulings on objections, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

I recognize that a judge can have a considerable influence on a jury. If you think you have gleaned some opinion as to how I think the case should be decided, I want you to disregard it. You are the judges of the facts. It is your verdict and not mine.

## D. Sidebar Conferences

During this trial you saw counsel confer with the Court at what we call sidebar. These conferences between the Court and counsel concern legal questions on which I have ruled. All of these conferences pertain solely to legal phases of the case and do not concern your function as jurors. You should not speculate on such matters in your deliberations.

## E. Information from Outside the Courtroom

In your deliberations you are to disregard any information about the case you may have received from sources outside this courtroom. You must confine your consideration of this case solely to evidence presented during trial.

## F.  Use of Notes

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

## G.  Charts and Summaries

### In evidence

Parties have presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

### Not admitted in evidence

Certain charts and summaries that have not been received in evidence have been shown to you in order to help explain or illustrate the contents of books, records, documents, testimony, or other evidence in the case. These charts and summaries are not themselves proof of any facts. They are not binding on you in any way.  If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the evidence.

## H.  Stricken Evidence

I may have ordered that certain testimony be struck from the record and I am instructing you that you must disregard that testimony.  That means that when you are deciding the case, you must not consider that testimony in any way.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence. One is direct evidence, such as the testimony of an eyewitness, that is, somebody who saw or heard something done or said. The other is indirect or what we call circumstantial evidence, which is the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.

The classic example of circumstantial evidence that I use comes from the story of Robinson Crusoe, who, believing himself alone on an island, was able to know he was in fact not alone by finding footprints larger than his own in the sand even though he had not actually seen the other person. As with Robinson Crusoe, the law permits you to draw such reasonable inferences from the evidence that you feel are justified in the light of common experience.

The law makes no distinctions between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with all the evidence in the case, both direct and circumstantial.

While you are free to draw inferences based on circumstantial evidence and are not limited solely to what you see or hear as the witnesses testify, remember that an inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact

11

that has been shown to exist. In other words, you are not limited to the bald statements of the witnesses and may make deductions and reach conclusions which reason, common sense, and experience lead you to draw from facts that have been established by the evidence in the case, but you may not speculate or guess that such a fact exists. Remember also that while one or another of the lawyers may have asked you to draw inferences or reach conclusions from certain evidence, you may refuse to do so if those inferences or conclusions are not supported by the evidence or do not make sense to you.

## STIPULATION OF FACTS

A stipulation of fact is an agreement between the parties that a certain fact is true. Whenever the plaintiff and the defendant have reached a stipulation of fact, you should treat that fact as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

## CREDIBILITY OF WITNESSES

Now, I said earlier that you must consider all the evidence.

In considering the testimony of the witnesses, for example, you are the sole judges of the credibility or "believability" of that testimony and the weight to be given to that testimony.

In weighing the testimony of a witness, you should consider the witness's interest, if any, in the outcome of the case; the witness's appearance and conduct and manner of testifying; the witness's opportunity to observe or acquire knowledge concerning the facts about which the witness testified; and the witness's candor, fairness, and intelligence. You should also consider the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, believe or disbelieve all or any part of the testimony of any witness.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause you to discredit that testimony. Two or more persons witnessing an event may see it or hear it differently. Moreover, innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance

14

or to an unimportant detail, and whether the discrepancy appears to result from honest disagreement, innocent error, or intentional falsehood.

You may consider that the events of this case took place a number of years ago. This obviously plays a role in the ability of individuals to remember certain events. You must determine for yourself whether a witness's imperfect recollection is the result of an honest effort to remember or whether it is motivated by something else.

In weighing and evaluating the testimony of witnesses, the number of witnesses is not controlling. The test is not which side has produced the greater number of witnesses. We do not count the number of witnesses. Rather, we weigh their testimony. The true test is, which witness or witnesses and which evidence appeal to your minds as being most accurate and trustworthy.

Remember, you are seeking to piece together the whole story from all the evidence. Therefore, if an individual's testimony appears incomplete, you may accept it for what it is and attempt to use it as an accurate piece of the whole story or you may disregard it in whole or in part to the extent you deem appropriate.

You may also consider whether a witness may have a personal interest in some way in the outcome of this case.

There is no magic formula I can give you for evaluating the credibility of witnesses. You bring into this courtroom your own everyday experience. You have spent your lives judging what people are saying to you, whether it is true or not, whether people are stretching things to serve their own purposes, and so on. You should do that here as well.

## IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or, as we sometimes

say, impeached by showing that he or she previously made statements

which are different from or inconsistent with his or her testimony here in

court. The earlier inconsistent or contradictory statements are admissible

only to discredit or impeach the credibility of the witness and not to

establish the truth of these earlier statements made somewhere other than

here during this trial. It is the province of the jury to determine the

credibility, if any, to be given the testimony of a witness who has made

prior inconsistent or contradictory statements.

If a person is shown to have knowingly testified falsely concerning

any important or material matter, you obviously have a right to distrust the

testimony of such an individual concerning other matters. You may reject

all of the testimony of that witness or give it such weight or credibility as

you may think it deserves.

## BURDEN OF PROOF

In a civil action such as this, with respect to each claim involved, one

party or the other will have the burden of proving every essential element of

that claim. Since the Plaintiff has instituted this action, she has the burden

of proof on each and every element of each of her claims. The burden in this

case is proof by a preponderance of the credible evidence.

A preponderance of the credible evidence means such evidence as,

when considered and compared with that evidence opposed to it, has more

convincing force and produces in your minds a belief that what is sought to

be proved is more likely true than not true. In other words, to establish a

fact by a preponderance of the credible evidence means to prove that the

fact is more likely so than not so. If the evidence is evenly balanced so that

you are unable to say that the evidence on either side of an issue

preponderates, then your finding upon that issue must be against the party

who had the burden of proving it.

Those of you who have sat on criminal cases will have heard of proof

beyond a reasonable doubt. That is a stricter standard, that is, it requires

more proof than a preponderance of the credible evidence. The reasonable

doubt standard does not apply to a civil case and you should therefore put it

out of your minds.

## NATURE OF THE CLAIM

In this case the Plaintiff Michele Moody makes a claim under a Federal Civil Rights statute that prohibits employers from discriminating against an employee in the terms and conditions of employment because of the employee's race, color, religion, sex, or national origin.

More specifically, Michele Moody claims that she was subjected to a hostile work environment by the defendant Atlantic City Board of Education because Michele Moody is a female.

The Atlantic City Board of Education denies that Michele Moody was discriminated against in any way. Further, the Atlantic City Board of Education asserts that Michele Moody failed to take advantage of any preventive or corrective opportunities provide by the Atlantic City Board of Education.

I will now instruct you more fully on the issues you must address in this case.

## ELEMENTS OF A TITLE VII ACTION – HARASSMENT – HOSTILE WORK ENVIRONMENT

Plaintiff Michele Moody claims that she was subjected to harassment

by Maurice Marshall and that this harassment was motivated by her female

gender. Defendant Atlantic City Board of Education is liable for the actions

of Maurice Marshall in Michele Moody's claim of harassment if she proves

all of the following elements by a preponderance of the evidence:

First:      Michele Moody was subjected to sexual harassment by Maurice
            Marshall.

Second:     Maurice Marshall's conduct was not welcomed by Michele
            Moody.

Third:      Maurice Marshall's conduct was motivated by the fact that
            Michele Moody is a female.

Fourth:     The conduct was so severe or pervasive that a reasonable person
            in Michele Moody's position would find her work environment
            to be hostile or abusive. This element requires you to look at the
            evidence from the point of view of a reasonable female's
            reaction to her work environment.

Fifth:      Michele Moody believed her work environment to be hostile or
            abusive as a result of Maurice Marshall's conduct.

If any of the above elements has not been proved by a preponderance

of the evidence, your verdict must be for defendant Atlantic City Board of

Education and you need not proceed further in considering this claim. If

you find that the elements have been proved, then you must consider

Atlantic City Board of Education's affirmative defense.

I will instruct you now on the elements of that affirmative defense.

You must find for Atlantic City Board of Education if you find that it

has proved both of the following elements by a preponderance of the

evidence:

First:     The Atlantic City Board of Education exercised reasonable care
           to prevent harassment in the workplace on the basis of gender,
           and also exercised reasonable care to promptly correct any
           harassing behavior that does occur.

Second:    Michele Moody unreasonably failed to take advantage of any
           preventive or corrective opportunities provided by the Atlantic
           City Board of Education.

Proof of the four following facts will be enough to establish the first

element that I just referred to, concerning prevention and correction of

harassment:

1. The Atlantic City Board of Education had established an explicit
   policy against harassment in the workplace on the basis of gender.

2. That policy was fully communicated to its employees.

3. That policy provided a reasonable way for Michele Moody to make
   a claim of harassment to higher management.

4. Reasonable steps were taken to correct the problem, if raised by
   Michele Moody.

On the other hand, proof that Michele Moody did not follow a

reasonable complaint procedure provided by the Atlantic City Board of

21

Education will ordinarily be enough to establish that Michele Moody

unreasonably failed to take advantage of a corrective opportunity.

## TITLE VII DEFINITIONS – HOSTILE OR ABUSIVE WORK ENVIRONMENT

In determining whether a work environment is "hostile" you must look at all of the circumstances, which may include:

- The total physical environment of Michele Moody's work area.

- The degree and type of language and insult that filled the environment before and after Michele Moody arrived.

- The reasonable expectations of Michele Moody upon entering the environment.

- The frequency of the offensive conduct.

- The severity of the conduct.

- The effect of the working environment on Michele Moody's mental and emotional well-being.

- Whether the conduct was unwelcome, that is, conduct Michele Moody regarded as unwanted or unpleasant.

- Whether the conduct was pervasive.

- Whether the conduct was directed toward Michele Moody.

- Whether the conduct was physically threatening or humiliating.

- Whether the conduct was merely a tasteless remark.

- Whether the conduct unreasonably interfered with Michele Moody's work performance.

Conduct that amounts only to ordinary socializing in the workplace, such as occasional horseplay, occasional use of abusive language, tasteless jokes, and occasional teasing, does not constitute an abusive or hostile work environment. A hostile work environment can be found only if there is extreme conduct amounting to a material change in the terms and conditions of employment. Moreover, isolated incidents, unless extremely serious, will not amount to a hostile work environment.

It is not enough that the work environment was generally harsh, unfriendly, unpleasant, crude or vulgar to all employees. In order to find a hostile work environment, you must find that Michele Moody was harassed because of her female gender. The harassing conduct may, but need not be sexual in nature. Rather, its defining characteristic is that the harassment complained of is linked to the victim's female gender. The key question is whether Michele Moody, as a female, was subjected to harsh employment conditions to which those outside the protected class were not.

It is important to understand that, in determining whether a hostile work environment existed for Michele Moody with respect to her job with the Atlantic City Board of Education you must consider the evidence from the perspective of a reasonable woman in the same position. That is, you must determine whether a reasonable woman would have been offended or

24

harmed by the conduct in question. You must evaluate the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological or emotional well-being of a reasonable woman. The reasonable woman is simply one of normal sensitivity and emotional make-up.

## ELEMENTS OF A TITLE VII CLAIM – RETALIATION

Michele Moody also claims that the Atlantic City Board of Education discriminated against her after she complained of sexual harassment. To prevail on this claim, Michele Moody must prove all of the following by a preponderance of the evidence:

First:    Michele Moody made a complaint of sexual harassment based upon her female gender.

Second:   Michele Moody was subjected to a materially adverse action at the time, or after, the protected conduct took place.

Third:    There was a causal connection between her reduction in work hours and her complaint of sexual harassment.

Concerning the first element, Michele Moody need not prove the merits of her complaint of sexual harassment, but only that she was acting under a reasonable,  good faith belief that her right to be free from discrimination on the basis of her female gender was violated.

Concerning the second element, the term "materially adverse" means that Michele Moody must show that the reduction in her work hours and pay was serious enough that it well might have discouraged a reasonable worker from making a sexual harassment complaint.

Concerning the third element, that of causal connection, that connection may be shown in many ways. For example, you may or may not find that there is a sufficient connection through timing, that is the Atlantic

26

City Board of Education's action followed shortly after it became aware of Michele Moody's sexual harassment complaint. Causation is, however, not necessarily ruled out by a more extended passage of time. Causation may or may not be proven by antagonism shown toward Michele Moody or a change in demeanor toward Michele Moody.

Ultimately, you must decide whether Michele Moody's sexual harassment complaint had a determinative effect on the reduction of her work hours and pay. "Determinative effect" means that if not for Michele Moody's sexual harassment complaint, the reduction in her work hours and pay would not have occurred.

## TITLE VII DAMAGES – COMPENSATORY DAMAGES

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the Atlantic City Board of Education should be held liable.

If you find by a preponderance of the evidence that the Atlantic City Board of Education intentionally discriminated against Michele Moody by subjecting her to sexual harassment or reducing her hours and pay because she complained about sexual harassment, then you must consider the issue of compensatory damages. You must award Michele Moody an amount that will fairly compensate her for any injury she actually sustained as a result of the Atlantic City Board of Education's conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put Michele Moody in the position she would have occupied if the discrimination had not occurred. Michele Moody has the burden of proving damages by a preponderance of the evidence.

Michele Moody must show that the injury would not have occurred without the Atlantic City Board of Education's act or omission. Michele Moody must also show that the Atlantic City Board of Education's act or

28

omission played a substantial part in bringing about the injury, and that the injury was either a direct result of or a reasonably probable consequence of the Atlantic City Board of Education act or omission. This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether the Atlantic City Board of Education's actions or omissions were motivated by discrimination. In other words, even assuming that the Atlantic City Board of Education's actions or omissions were motivated by discrimination, Michele Moody is not entitled to damages for an injury unless the Atlantic City Board of Education's discriminatory actions or omissions actually played a substantial part in bringing about that injury.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Michele Moody experienced as a consequence of the Atlantic City Board of Education's allegedly unlawful act or omission. No evidence of the monetary value of

29

such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

## TITLE VII DAMAGES – BACK PAY

If you find that the Atlantic City Board of Education intentionally discriminated against Michele Moody by unlawfully failing or refusing to restore her work hours after her complaint of sexual harassment, then you must determine the amount of damages that the Atlantic City Board of Education's action or inactions have caused Michele Moody. Michele Moody has the burden of proving damages by a preponderance of the evidence.

You may award as actual damages an amount that reasonably compensates Michele Moody for any lost wages and benefits, taking into consideration any increases in wages that she would have received from the Atlantic City Board of Education had she not been the subject of the Atlantic City Board of Education's intentional discrimination.

Back pay damages, if any, apply from the time Michele Moody complained of sexual harassment until the date of your verdict.

You must reduce any award by the amount of the expenses that Michele Moody would have incurred in making those earnings.

If you award back pay, you are instructed to deduct from the back pay figure whatever wages Michele Moody has obtained from other employment during this period. However, please note that you should not deduct social security benefits, unemployment compensation or pension benefits from an award of back pay.

Michele Moody's claim for back pay for the period ending January 5, 2014 is in the amount of $4,800. The Atlantic City Board of Education contends that Michele Moody is not due any money damages for back pay.

### TITLE VII DAMAGES – NOMINAL DAMAGES

If you return a verdict for Michele Moody, but Michele Moody has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if she suffered no actual injury. Nominal damages of $1.00 are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages as I instructed you, rather than nominal damages.

31

## DUTY TO DELIBERATE

When you reach a verdict in this case, whether for Plaintiff or for Defendant, it must be either unanimous or seven to one, where at least seven of you agree on the verdict. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because others may think differently or merely to get the case over with.

Remember, that in a very real way you are judges --judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## SELECTION OF FOREPERSON AND JURY VERDICT FORM

When you go to the jury room to begin considering the evidence in this case, I suggest that you first select one of the members of the jury to act as your foreperson. This person will help to guide your discussions in the jury room. Once you are there, if you need to communicate with me, have your foreperson write down your message or question and pass the note to the Marshal or CSO who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me how the jury stands on any issue at the time.

I want to read to you now what is called the "Jury Verdict Form." This is simply the written notice of the decision that you reach in this case, whether it is for the Plaintiff or for the Defendant. (Jury Verdict Form is read).

When you have reached a verdict, have the foreperson sign the verdict form, date it, and inform the Marshal or Court Security Officer in attendance that you have reached your verdict and wish to return to the courtroom.